**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LUIS N. ORTIZ-LOPEZ AND GLENDA LIZ BAEZ-ACOSTA, | : : : | Civil Action No. 14-3823 |
| *Plaintiffs,* | : : | |
| v. | : : | |
| UNITED STATES OF AMERICA, et al., | : : | OPINION |
| *Defendants.* | : : : | |

ARLEO, UNITED STATES DISTRICT JUDGE

### I.   INTRODUCTION

This matter comes before the Court by way of Defendants' motion to dismiss Plaintiffs' Luis N. Ortiz-Lopez and Glenda Liz Baez-Acosta's Complaint [Dkt. No. 27]. For the reasons set forth herein, Defendants' motion is **GRANTED.**

### II.   BACKGROUND

Plaintiff Ortiz-Lopez, a resident of Puerto Rico, applied via usajobs.gov for a position as a Program Assistant, Federal Air Marshal in Newark, NJ. Compl., Dkt. No. 1, ¶ 12. On October 25, 2010, Mr. Ortiz-Lopez was informed that he was selected for an interview, which was scheduled for November 12, 2010, at 2:00 p.m. Id. ¶ 14. When he arrived, he was escorted by a window clerk to a conference room. Id. ¶ 15. Mr. Ortiz-Lopez first met with Kathleen Sandolva and Nicky Bruno. Id. ¶ 15. Ms. Sandolva, Mr. Bruno, and Mr. Ortiz-Lopez all sat at the same conference room table; Mr. Bruno was reading a paper. Id. ¶¶ 15-16. When Ortiz-Lopez began speaking, Mr. Bruno looked at Ms. Sandolva, both interviewers stood up, Ms.

Sandolva told Mr. Ortiz-Lopez to remain seated, and the interviewers left the room.  Id. ¶ 16. About 15 minutes later, Ms. Sandolva returned with Windy Sims.  Ms. Sims indicated this was her first interview and explained to Mr. Ortiz-Lopez that she would ask him three questions. When asked the first question, Mr. Ortiz-Lopez answered and Ms. Sims then "abruptly said, 'Please, please, please can I read the next question.'"  Id. at ¶ 20.  Mr. Ortiz-Lopez was then asked two other questions.  Id.  This portion of the interview lasted ten minutes.  Id.  Mr. Ortiz-Lopez was then asked to write something, which took 20 minutes.  Id. ¶ 21.

Plaintiffs claim Mr. Ortiz-Lopez "felt discriminated due to the treatment received at the interview."  Id. ¶ 21.  For example, while Mr. Ortiz-Lopez was asked three questions, he was graded on four answers.  Id. ¶ 22.  Mr. Ortiz-Lopez also claims that "the hiring process was nullified and the interviews dismissed" and "a new process commenced without including the plaintiff."  Id.  Ultimately, a non-Hispanic from the mainland United States was hired for the position.  Id.

On November 17, 2010, Mr. Ortiz-Lopez filed an administrative complaint with the DHS Office of Civil Rights and Civil Liberties ("CRCL"), claiming discrimination based upon race and place of birth.  Id. ¶ 23.  On February 3, 2012, CRCL issued a Final Agency Decision and a Notice of Right to Sue.  Id. ¶ 25.  On April 30, 2012, Plaintiffs filed a civil action against Defendants in the United States District Court for the District of Puerto Rico.  Id. ¶ 26.  On November 5, 2012, Plaintiffs filed two administrative claims notices with DHS.  Id.  Plaintiffs then moved to voluntarily dismiss their civil case and the matter was dismissed without prejudice on December 11, 2012.  Id.  On July 5, 2013, Plaintiffs initiated a second civil action in the District of Puerto Rico.  Id.  The matter was then transferred to this Court.  See Dkt. No. 18.

Plaintiffs' Complaint is devoid of separate causes of action. Instead, Plaintiffs stated that the Court's jurisdiction is "invoked under Title 28, U.S.C.A., Section 2671 on to 2680, Federal Tort Claims Act, and under the Equal Employment Opportunity Commission and it law" and "under Title VII and 42 of the United State Code, Section 1983, Civil Rights Act 1964." Compl., Dkt. No. 1, ¶¶ 2-3. Additionally, Plaintiffs state that "[a] violation to the constitutional right to a Due Process is invoke" and Plaintiffs also "invoke the labor law of New York against discrimination."

The Court interprets Plaintiffs' Complaint as seeking recovery under: (1) the Federal Tort Claims Act ("FTCA"); (2) Title VII; (3) 42 U.S.C. § 1983; (4) the Fifth Amendment; and (5) New York state labor laws.

### III.   PLAINTIFF ORTIZ-LOPEZ'S CLAIMS

#### a.  Federal Tort Claims Act

The Federal Tort Claims Act sets forth the limited circumstances under which the United States waives its sovereign immunity from suit in federal court, and establishes certain exceptions to that waiver. See 28 U.S.C. § 2674. Here, Defendants argue that the FTCA's waiver of sovereign immunity does not extend to the constitutional tort claims alleged in the Complaint and Plaintiffs do not disagree. See Dkt. No. 40, at 14, 17. As such, since it appears that Plaintiffs only seek recovery under the FTCA for constitutional tort violations, these claims are dismissed with prejudice. See Dambach v. United States, 211 F. App'x 105, 107 (3d Cir. 2006); Vilanueva v. United States, 662 F.3d 124, 127 (1st Cir. 2011).

#### b.  Title VII

To state a cause of action of discriminatory hiring under Title VII, a plaintiff must plead that:

> (1) the plaintiff belongs to a protected class; (2) he/she was qualified for the position; (3) he/she was subject to an adverse employment action despite being qualified; and (4) under circumstances that raise an inference of discriminatory action, the employer continued to seek out individuals with qualifications similar to the plaintiff's to fill the position.

Sarullo v. United States Postal Serv., 352 F.3d 789, 797 (3d Cir. 2003). Defendants move to dismiss arguing that Mr. Ortiz-Lopez has failed to plead that he was qualified for the position. The Court agrees and this claim is dismissed without prejudice.[1]

   **c.  42 U.S.C. § 1983**

   Section 1983 creates a cause of action for deprivations of federal constitutional or statutory rights by persons acting under color of state law. See, e.g., West v. Atkins, 487 U.S. 42, 46 (1988).   Here, Plaintiffs name as Defendants: the United States, DHS, ICE, Eric Holder, and Janet Napolitano. As the federal government and federal agencies are not "persons" under Section 1983, the claims against them must be dismissed with prejudice. See Elhassan v. Goss, No. 06-1000, 2007 WL 319484, at *4 (D.N.J. Jan. 30, 2007). Plaintiffs' claims against Eric Holder and Janet Napolitano are also dismissed with prejudice because Section 1983 does not apply to federal officers acting in their official capacities. See Sookbzokov v. Holder, No. 10-6260, 2011 WL 2293853, at *5-6 (D.N.J. June 7, 2011). Separately, these Defendants must be dismissed because no allegations of personal involvement are alleged in the Complaint. See

---

[1] Defendants also assert that, even if Mr. Ortiz-Lopez alleged that he was qualified for the position, the claim must still be dismissed because the allegations of discrimination during the interview process are no more than "naked assertions devoid of further factual enhancement" and are thus not entitled to the presumption of truth. See Defs. Br., Dkt. No. 27-1, at 5. The Court disagrees. The allegations in the Complaint, taken together, are sufficient to suggest that Mr. Ortiz-Lopez was treated differently than other non-Hispanic interviewees during the interview process and a non-Hispanic was ultimately hired over him. If he pleads he was qualified for the position in an amended complaint, this would be sufficient to state a claim.

Carter v. New Jersey, No. 11-439, 2011 WL 5864083, at *9 n.6 (D.N.J. Nov. 22, 2011);

Stampone v. Crifasi, No. 05-3498, 2006 WL 2711471, at *9 (D.N.J. Sept. 20, 2006).[2]

### d.  Fifth Amendment Claim

Plaintiffs assert in the Complaint the "right to a Due Process is invoke," but provide no further explanation or elaboration.  Compl., Dkt. No. 1, ¶ 3.  Giving the most liberal construction to the Complaint, the only conceivable claim pled could be a Fifth Amendment substantive due process claim.   In response to the motion to dismiss, however, plaintiffs acknowledge that Title VII provides the sole remedy against federal officials for discriminatory employment actions.  See Pl. Opp'n Br., Dkt. No. 40, at 19; see also Makky v. Chertoff, 489 F. Supp. 2d 421, 432 (D.N.J. 2007).   And while they cite to Bush v. Lucas, 462 U.S. 367 (1983), that case is of no help, since it only recognizes that claims can be stated for non-personnel actions, such as wiretapping, warrantless searches, or uncompensated takings—which are not alleged here.  The Fifth Amendment substantive due process claim is therefore dismissed with prejudice.

### e.  New York Employment Law

In their moving brief, Defendants argue that New York employment law cannot possibly provide relief, as Plaintiffs are residents of Puerto Rico and Ortiz-Lopez's interview occurred in New Jersey.  Plaintiffs do not challenge this argument in their opposition brief.  As such, this claim is dismissed with prejudice.

---

[2] In the section of their brief addressing their FTCA claims, Plaintiffs cite to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).  Plaintiffs, however, explicitly recognize they cannot recover under Bivens.  See Dkt. No. 40, at 15 (acknowledging that the Supreme Court has "refused to extend Bivens to authorize suits against federal agencies").  As such, to the extent Plaintiffs seek to recover against these Defendants under Bivens, these claims are dismissed with prejudice.  See Iqbal, 556 U.S. at 676 ("[I]t is undisputed that supervisory Bivens liability cannot be established solely on a theory of respondeat superior.") (quotation omitted, alteration in original).

## IV.    PLAINTIFF BAEZ-ACOSTA'S CLAIMS

Ms. Baez-Acosta does not claim that she interviewed for a government position or was otherwise discriminated against by a federal agency. Instead, she seeks to bring a derivative loss-of-consortium claim based upon damages suffered by her husband, Mr. Ortiz-Lopez. See Compl., Dkt. No. 1, ¶¶ 30-31.

For the same reasons Mr. Ortiz-Lopez's claims fail, Plaintiff Baez-Acosta's claims also fail. Furthermore, even if Mr. Ortiz-Lopez is able to cure the pleading deficiencies identified above, Ms. Baez-Acosta cannot recover under Title VII or section 1983 in any event. See Mariotti v. Mariotti Bldg. Prods., Inc., 714 F.3d 761, 769 (3d Cir. 2013) (non-employees cannot recover under Title VII); Williams v. City of Chester, No. 14-4420, 2015 WL 224384, at *4 (E.D. Pa. Jan. 15, 2015) (spouse cannot bring a derivative claim under 42 U.S.C. § 1983). Her claims are therefore dismissed with prejudice.

## V.    CONCLUSION

For the reasons set forth herein, Defendants' motion to dismiss [Dkt. No. 27] is **GRANTED.** Specifically, all claims except Mr. Ortiz-Lopez's Title VII claim are dismissed with prejudice and Mr. Oritz-Lopez's Title VII claim is dismissed without prejudice. All claims brought by Ms. Baez-Acosta are dismissed with prejudice. An appropriate Form of Order accompanies this Opinion.

A word of caution: any renewed complaint must carefully articulate any claims consistent with this Opinion and applicable law. Any frivolous pleadings will be subject to sanctions.

Dated: May 7, 2015                          /s Madeline Cox Arleo
                                            **Hon. Madeline Cox Arleo**
                                            **United States District Judge**